Carlos Linares DIAZ, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

No. 10–20–ag.

United States Court of Appeals,
Second Circuit.

Jan. 19, 2011.

Andrew P. Johnson, New York, N.Y., for
Petitioner.

Tony West, Assistant Attorney General,
Civil Division; Richard M. Evans, Assistant Director; Sada Manickam, Attorney,
U.S. Department of Justice, Washington,
D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER,
ROBERT A. KATZMANN, REENA
RAGGI, Circuit Judges.

### SUMMARY ORDER

Carlos Linares Diaz, a native and citizen
of Guatemala, seeks review of a December
11, 2009 order of the BIA affirming the
February 26, 2008 decision of Immigration
Judge ("IJ") Paul A. DeFonzo, which denied his applications for asylum and withholding of removal. *In re Carlos Linares
Diaz*, No. A070 894 476 (B.I.A. Dec. 11,
2009), *aff'g* No. A070 894 476 (Immigr. Ct.
N.Y. City Feb. 26, 2008). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008); *Manzur v. Dep't of Homeland Sec.*, 494 F.3d 281, 288–89 (2d Cir.2007).

Substantial evidence supports the IJ's determination that Diaz failed to demonstrate that the harm he fears in Guatemala would be on account of a protected ground. In addition to showing past persecution or a well-founded fear of persecution, an applicant for asylum and withholding of removal must also establish that the persecution feared would be on account of the applicant's race, religion, nationality, political opinion, or particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). During his proceedings, Diaz has variously argued that his fear of persecution is on account of his political opinion, his imputed political opinion, and his membership in a particular social group. However, before this Court, Diaz's sole argument is that he established that he fears future persecution on account of his political opinion.

In order to demonstrate that persecution or a fear of persecution is on account of an applicant's political opinion, the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005). Thus, it is insufficient to demonstrate that a persecutor acted or is likely to act from "a generalized 'political' motive." *INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Diaz argues that he established that the harm he fears for refusing to join a gueril-la group in Guatemala would be on account of his political opinion. However, the Supreme Court has suggested that an applicant's resistance to recruitment by a guerilla movement alone is not sufficient to show that any resulting persecution would be on account of the applicant's political opinion. *See id.* at 482–83, 112 S.Ct. 812. The Supreme Court explained that there are many reasons why an individual might decline to join a guerilla movement, despite pressure to do so, and that unless an applicant demonstrates that a reason for not joining was his own political opinion, and that guerillas would seek to persecute him on account of that opinion, he has not met his burden of showing the necessary nexus to a protected ground. *Id.* at 482, 112 S.Ct. 812. In this case, Diaz testified that he was never a member of any political group or organization in Guatemala, and that he avoided recruitment by saying that he was underage, and by giving the group a false address. Accordingly, because Diaz did not provide any evidence that he resisted recruitment for political reasons or that the guerillas would seek to harm him on account of his political opinion, the agency did not err in denying Diaz's application for asylum and withholding of removal for failure to establish that his claimed fear of persecution was on account of his political opinion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).